IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AIMEE CANDELET, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 14-1442 |
| v. | : | |
| | : | |
| MIKE ROTH, d/b/a AUTO PROS and | : | |
| SANTANDER CONSUMER USA, INC., | : | |
| Defendants. | : | |

**ORDER**

This 14th day of December, 2015, the Court having issued an Order to Show Cause why Plaintiff's Amended Complaint should not be dismissed for lack of subject matter jurisdiction, and the Court having considered the parties' responses, it is **ORDERED** that Plaintiff's Amended Complaint is **DISMISSED.**

When Plaintiff originally filed her Complaint, she alleged Defendants violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), the federal Magnusson-Moss Warranty Improvement Act, the federal Truth in Lending Act ("TILA"), the federal Equal Credit Opportunity Act ("ECOA"), and Pennsylvania's Motor Vehicle Sales Finance Act ("MVSFA"). Plaintiff asserted jurisdiction on the basis of her federal claims, diversity of the parties, citing 28 U.S.C. § 1331. She also asserted the Court could take supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. Plaintiff's Amended Complaint dropped the TILA claim, and in Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, Plaintiff voluntarily withdrew her ECOA and Magnusson-Moss claims. This left Plaintiff with no federal causes of action in her Complaint.

At this point, Defendants raised an argument that one of the Defendants, Santander Consumer USA ("SCUSA") is a corporation organized in Delaware. Plaintiff is also a resident of Delaware, and therefore there is not complete diversity of the parties on both sides of the lawsuit. Defendants argue that this case should be dismissed for lack of subject matter jurisdiction.

I agree that dismissal of this action is appropriate. Federal question jurisdiction certainly no longer exists, and nor does diversity jurisdiction. 28 U.S.C. § 1332 permits federal courts to hear state law claims if the parties to the suit are diverse and an amount in controversy threshold is satisfied. For a court to exercise diversity jurisdiction, the parties must be completely diverse. "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Elec. Co. v. Kruger*, 437 U.S. 365, 373 (1978). Defendants have shown that SCUSA is a Delaware corporation, and a corporation is a citizen of the state in which it is incorporated. 28 U.S.C. § 1332(c). Complete diversity does not exist. Furthermore, I am persuaded that even if complete diversity existed, the amount in controversy does not reach $75,000.

I have only limited discretion to keep supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so" *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis added). Here, considerations of judicial economy, convenience, and fairness to the parties do not justify maintaining supplemental jurisdiction. Although it is true, as Plaintiff points out, that Summary Judgment has been briefed, the Court

has made no substantive rulings in this case. In addition, Plaintiff's claims will not be barred by the statute of limitations. *Gabriel v. O'Hara*, 534 A.2d 488, 494 (Pa. Super. Ct. 1987) (finding UTPCPL claims are subject to a six year statute of limitations); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (explaining that the statute of limitations is tolled for a supplemental jurisdiction claim that is dismissed after original jurisdiction disappears). Dismissing this case in favor of state court litigation would not interfere with a fair resolution of this case. *See also, Datto v. Thomas Jefferson Univ.*, 8-2154, 2009 WL 577458 (E.D. Pa. 2009) (declining supplemental jurisdiction after plaintiff voluntarily withdrew his federal claim); *Berry v. Suzuki of Plymouth Meeting*, 2011 WL 2670083 (E.D. Pa. 2011) (declining supplemental jurisdiction after plaintiff amended complaint to remove federal claims).

In declining to exercise supplemental jurisdiction, I note that at the Rule 16 Conference, I urged counsel for Plaintiff to consider whether a federal court was the appropriate forum for this case.

    /s/ Gerald Austin McHugh
United States District Court Judge